**Dated: February 9, 2017**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | CASE NO. 16-80129– TRC |
| CINDA J. BOLTON, | CHAPTER 7 |
| Debtor. | |
| TOM HALL, | |
| Plaintiff, | |
| v. | Adv. No. 16-8011-TRC |
| CINDA J. BOLTON, | |
| Defendant. | |

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Plaintiff's Motion for Summary Judgment with Brief in Support (Document 15) and Defendant's Response in opposition to Plaintiff's Motion (Document 22). Having reviewed the arguments of the parties and the applicable law, the Court finds that Plaintiff has not met his burden to establish that he is entitled to summary judgment, therefore this matter should proceed to trial on February 21, 2017 at 9:00 am. as previously ordered.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)((I).

Plaintiff seeks to except his state court judgment against Defendant from discharge pursuant to 11 U.S.C. § 523(a)(6). To prevail on a motion for summary judgment Plaintiff must establish that there are no material facts in dispute and Plaintiff is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. As movant, Plaintiff bears the burden of demonstrating these two elements by a preponderance of the evidence in order to prevail and except his claim from discharge. *See Grogan v. Garner*, 498 U.S. 279, 286-91 (1991). To defeat Plaintiff's Motion, Defendant must set forth specific facts demonstrating the existence of a genuine issue for trial *Spaulding v United Transp. Union,* 279 F.3d 901 (10th Cir. 2002)

Plaintiff seeks to except from discharge his judgment against Defendant entered on June 1, 2015 in the District Court of Muskogee County, State of Oklahoma, after a non-jury trial held on May 14, 2015. The Judgment states that Plaintiff was awarded $30,000 plus court costs of $212 against Defendant Cindy Bolton. The Judgment states: "The court finds the issues in favor of the Plaintiff and against the Defendant . . . ." Plaintiff has provided this Court with certified copies of the state court docket sheet, the state court Petition, and the Judgment. The Petition is for removal of and conversion of personal property and money regarding a house Bolton rented from Hall. The Adversary Complaint alleges that the state court case and judgment were based upon wrongful conversion and willful acts of destruction of property. Defendant Bolton is pro se. She insists that she made improvements to the rent house with Plaintiff's Hall's blessing and approval.

Plaintiff urges this Court to grant him summary judgment on the grounds of collateral estoppel, or issue preclusion. He argues that the Judgment entered by the state court has preclusive effect in this proceeding, thus, his claim may be excepted from discharge. He alleges that the same elements or issues required for an action under § 523(a)(6) were fully litigated and determined in

the state court action. It is well-settled that collateral estoppel can be applied in bankruptcy to determine dischargeability claims. *See Grogan*, 498 U.S. at 284–85 n. 11. Federal courts generally afford preclusive effect to state court judgments. 28 U.S.C. §1738; *Allen v. McCurry*, 449 U.S. 90, 95 (1980). Federal courts look to state law to determine whether it is appropriate to give preclusive effect to a prior state court judgment. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379-80 (1985). Therefore, Oklahoma law regarding the preclusive effect of the judgment applies here.

In Oklahoma, collateral estoppel is known as issue preclusion. Issue preclusion applies where the issue sought to be precluded is the same as that involved in the prior judicial proceeding; the issue was actually litigated and resolved, and the determination of that issue was necessary to support the judgment in the prior proceeding. *In re Zwanziger,* 741 F.3d 74 (10th Cir. 2014) citing *Bronson Trailers & Trucks v. Newman*, 139 P.3d 885, 888 n. 9 (Okla. 2006); *Salazar v. City of Oklahoma City*, 976 P.2d 1056, 1060 (Okla. 1999). The party seeking preclusive effect must produce proof of the terms of the prior judgment: "Those who rely on a judgment for its issue-preclusive force ... are duty-bound to produce—as proof of its terms, effect and validity—the *entire* judgment roll for the case which culminated in the decision invoked as a bar to relitigation." *Salazar*, at 1061(footnote omitted). Oklahoma statute defines the judgment roll as "the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court...."Okla. Stat. tit. 12, §32.1.

Here, Plaintiff provided the Court with some of the items from the state court proceeding. However, the Judgment itself fails to recite the specific issues presented for decision, and fails to identify the basis for the trial court's findings, thus the Court is unable to determine what issues of fact or law were actually litigated and resolved in the state court case. *Zwanziger,* 741 F.3d at 77.

*See also Optima Oil and Gas Co., LLC v. Mewbourne Oil Co.*, No. CIV-09-145-C, 2009 WL 1773198, at *3 (W.D. Okla. June 22, 2009). The Judgment merely states that it finds the issues in favor of Plaintiff and against Defendant. There is no other information to inform this Court what issues were decided, or what factual findings and conclusions of law were made. The Court notes that Defendant Bolton was not represented by counsel during the state court trial, nor is it known whether the issues regarding malice and intent were fully litigated. The elements of a § 523(a)(6) action require proof of a deliberate or intentional injury, not merely a deliberate or intentional act which results in injury. This requires proof of malice whereby the debtor must intend the resulting injury, and acts without justification or excuse. *See Panalis v. Moore,* 357 F.3d 1125, 1129 (10th Cir. 2004). Accordingly, this Court finds that on the record presented, Plaintiff has not met his burden to establish that issue preclusion applies to his state court judgment; thus, he is not entitled to summary judgment, and this case should proceed to trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment is **denied**.

IT IS FURTHER ORDERED that this matter shall proceed to trial on **Tuesday, February 21, 2017 at 9:00 a.m. in the United States Courthouse, 4th and Grand Streets, Okmulgee, Oklahoma.** All other deadlines and instructions previously provided by this Court remain in full force and effect**.**

###